UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.:   1:21-cr-00024** |
| | : | |
| **Plaintiff,** | : | **Judge Douglas R. Cole** |
| | : | |
| v. | : | |
| | : | **Joint Sentencing Memorandum** |
| **BRANDI SISK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

Defendant Brandi Sisk pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement. She pled guilty to Count 6 of the Superseding Indictment, which alleged conspiracy to commit an offense against the United States, that is, to knowingly make a false statement to a licensed firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), all in violation of 18 U.S.C. § 371. Both parties agreed to recommend a sentence of 36 months of probation and 150 hours of community service (DE 63 at ¶ 8). That sentence is appropriate in this matter in light of: (1) the history and characteristics of the Defendant; (2) the need for general and specific deterrence; and (3) the types of sentences available.

I.     **FACTUAL BACKGROUND**[1]

Brandi Sisk's brother and co-defendant, Christopher Sisk, was a convicted felon, and Brandi Sisk bought him a firearm. On October 11, 2020, Defendant Brandi Sisk agreed with Christopher Sisk that she would purchase a firearm for him. That same day, Brandi Sisk went to Shoot Point Blank in Cincinnati, Ohio, a federally licensed firearms dealer, to purchase the firearm for Christopher Sisk. While Brandi Sisk was there, she exchanged a series of text messages with Christopher Sisk to coordinate the purchase of the firearm. In that series of text messages,

---

[1] This section is drawn from the agreed Statement of Facts in the Defendant's plea agreement (DE 63 at 7).

Christopher Sisk said, "if it's a 45 and holds 15 rounds get it." Brandi Sisk responded, "I am. It's the only one they have. It $670." Christopher Sisk then asked, "what kind is it[?]" Brandi Sisk responded "Springfield. They out of 10mm ammo so you'd have to get it from another store." Brandi Sisk then purchased a Springfield Armory 10mm HS Produkt model XDM semi-automatic handgun bearing serial number BY332933. Brandi Sisk purchased that firearm for Christopher Sisk as they had agreed, and she paid $670 in cash.

In the course of purchasing the firearm, Brandi Sisk filled out an ATF Form 4473, which is required by law when purchasing a firearm from a federal firearms licensee. In filling out that form, Brandi Sisk knowingly made a false statement by claiming that she was the "actual transferee/buyer" of the firearm. Form 4473 warned that "you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person." Despite that information, and knowing that she was purchasing the firearm for Christopher Sisk, Brandi Sisk knowingly made the false statement that she was, in fact, the "actual transferee/buyer" for the firearm she purchased. In a separate portion of the form, Brandi Sisk certified that her answers on the form were "true, correct, and complete," and she signed the form. Brandi Sisk's statement that she was the actual transferee/buyer was intended to, and was likely to, deceive the firearms dealer about a fact material to the lawfulness of the sale of the firearm to Brandi Sisk (i.e., that the true buyer/transferee of the firearm was Christopher Sisk). Christopher Sisk was prohibited from possessing firearms because he was a convicted felon.

After purchasing the firearm, Brandi Sisk provided it to Christopher Sisk. On November 6, 2020, during the execution of a lawful search warrant, the Springfield Armory 10mm HS Produkt model XDM semi-automatic handgun bearing serial number BY332933 was found in Christopher Sisk's possession at 966 McPherson Avenue, in Cincinnati, Ohio.

## II. PROCEDURAL BACKGROUND

On August 9, 2022, a grand jury sitting in the Southern District of Ohio returned a Superseding Indictment charging Brandi Sisk with: (1) conspiracy to commit an offense against the United States, that is, to knowingly make a false statement to a licensed firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), all in violation of 18 U.S.C. § 371 (Count 6); and (2) making a false statement to a licensed firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6) (Count 7). On October 18, 2022, Brandi Sisk pled guilty to Count 6 of the Superseding Indictment (DE 66). The Government agreed to dismiss Count 7, and both parties agreed to recommend a sentence of 36 months probations with 150 hours of community service (DE 63). The plea agreement also included an appellate waiver, and an agreement by the Defendant to forfeit the firearm at issue.

On November 23, 2022, probation issued the preliminary PSR, to which neither party objected (DE 76). The final PSR was issued on January 9, 2023 (DE 79). According to the PSR, the total offense level is 10, and the Defendant has no criminal history (DE 79 at ¶¶ 34-38). The guideline imprisonment range set out by the PSR is 6-12 months (DE 79 at ¶ 55). However, since the range is in Zone B of the Sentencing Table, the minimum term (6 months) may be satisfied by a "sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment" DE 79 at ¶ 56).

## III. ANALYSIS

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552

3

U.S. 38, 49 (2007). Then, "the district court must weigh and apply the range of factors outlined in 18 U.S.C. § 3553(a)." *Id*. at 49-50. These include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). The Court should impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

Here, the parties agreed to recommend a sentence of 36 months of probation with 150 hours of community service. Note that this does not include home or community confinement, but does include 36 months of probation – which is higher than the guidelines range for imprisonment (6-12 months). That is a fair resolution in this case given: (1) the history and characteristics of the Defendant; (2) the need for general and specific deterrence; and (3) the types of sentences available.

**History and Characteristics of the Defendant:** The Defendant has no criminal history. She has no juvenile convictions, no adult convictions, and no minor convictions. That is relatively rare in federal criminal cases  Further, the Defendant had some difficulty in her upbringing, and is currently the caregiver for her three children. A carceral sentence here would be excessive in light of the Defendant's history and characteristics – while a sentence of probation would adequately punish the Defendant while allowing her to continue working and caring for her children.

**The Need for General and Specific Deterrence:** As to specific deterrence, the proposed sentence is significant in that – now that the Defendant is convicted of a felony – she will no longer

be able to purchase firearms.  This will (in theory, at least) deter the Defendant from purchasing firearms for herself or other convicted felons (like her co-defendant, Mr. Sisk).

**The Types of Sentences Available:** As noted above, the guidelines range is within zone B, which allows for a term of probation as the appropriate sentence.  The guidelines generally would require that a probationary sentence include intermittent confinement, community confinement, or home detention.  However, here – the parties have opted for a longer probationary sentence (36 months instead of 6-12 months) while omitting any type of confinement.  In light of the types of probationary sentences available, this is a fair trade off and an appropriate sentence.

## IV. Conclusion

In light of the foregoing, and as previously agreed to by the parties (DE 63), the Court should sentence Ms. Sisk as recommended herein: 36 months of probation with 150 hours of community service and all other terms laid out in the plea agreement.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/ *Frederic C. Shadley*
Frederic C. Shadley (IL 6310149)
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
E-mail: Frederic.Shadley@usdoj.gov

<u>Certificate of Service</u>

I certify that I filed the foregoing with the Court's CM/ECF system this 30th day of January, 2023.

<u>s/ *Frederic C. Shadley*</u>
Frederic C. Shadley
Assistant United States Attorney
